USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 and JANE DOE 2,

Plaintiffs,

-v-

BRANCA USA, INC., et al.,

Defendants.

22-cv-3806 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Jane Doe 1 and Jane Doe 2 (collectively, "Plaintiffs") move to proceed anonymously pursuant to Federal Rule of Civil Procedure 10(b). Dkt. No. 9. For the reasons that follow, the motion is denied.

The complaint in this case was filed on May 10, 2022. Plaintiff Jane Doe 1 is a former employee of defendant Branca USA, Inc. ("Branca USA") and Plaintiff Jane Doe 2 is a former employee of defendants Branca USA and Fratelli Branca Distillerie S.P.A. ("Fratelli Branca"). Dkt. No. 1 ¶¶ 10, 11. Plaintiffs allege that they were sexually abused by the Chief Executive Officer of Branca USA. The complaint alleges that Jane Doe 1 was drugged and raped, *id.* ¶¶ 2, 32–36, 46, and that Jane Doe 2 was sexually assaulted on numerous occasions, *id.* 77, 80. It further alleges that both women were groped and harassed, *see, e.g.*, *id.* ¶ 90, and that when they complained, they suffered retaliation, *id.* ¶¶ 130–137. Plaintiffs bring claims against Branca USA and Fratelli Branca for sexual harassment and retaliation under federal, New York State, and New York City law, *id.* ¶¶ 194–220, as well as for negligent hire, negligence, negligent supervision, and negligent retention, *id.* ¶¶ 221–228, and for intentional infliction of emotional distress, *id.* ¶¶ 229–236. They also sue Edoardo Branca, a director of Fratelli Branca and the son

of the Chairman of the Board of Directors and largest shareholder of Fratelli Branca, *id.* ¶¶ 141–144, for aiding and abetting Branca USA and Fratelli Branca's violations of New York State and New York City Human Rights Law. *Id.* ¶¶ 237–241.

Plaintiffs argue that they should be permitted to proceed pseudonymously. Dkt. No. 10. They note that the complaint contains detailed allegations of rape and sexual assault and argue that they will suffer significant psychological harm if they are forced to reveal their identities to the public. They also assert that the defendants will suffer no prejudice if Jane Doe 1 and Jane Doe 2 are permitted to pursue their claims anonymously, as counsel has identified their names to counsel for defendants. *Id.* 4, 9. Finally, they assert that they have sought mental health treatment and would experience significant harm if forced to reveal their identities to the public. *Id.* at 8.

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to a litigation; this requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (internal quotation marks omitted) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Second Circuit has identified a number of non-exclusive factors that are relevant to whether a plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity

> of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

The court is not required "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 189, 191 n.4. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The courts in this District have considered in several cases whether to permit a plaintiff who alleges that she or he has been raped or been the subject of sexual assault to proceed pseudonymously. Although each of the decisions rehearse the identical ten *Sealed Plaintiff* factors, frequently employing the identical language, the results across the board come down to this: A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously. It is a rare case where a plaintiff who has been sexually assaulted or raped has not suffered some physical or psychological injury. The rule is the same for a plaintiff as for a defendant who is accused and

who might want to keep his or her identity confidential. Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser. Thus, something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name.

In *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021), the court denied the application to proceed pseudonymously of one of two plaintiffs who alleged that he had been the victim of a sexual assault by the actor Kevin Spacey thirty-five years earlier when he was a teenager. The court recognized that "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym" and stated that "allegations of sexual abuse of minors typically weigh significantly in favor of a plaintiff's interest [in anonymity]." *Id.* at 528 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). It nonetheless held that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Id.* at 528 (internal quotation marks omitted) (quoting *Doe v. Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)). The court held that the second, third, and seventh *Sealed Plaintiff* factors, relating to the risk of harm to the plaintiff from disclosure, did not counsel in favor of the plaintiff proceeding under a pseudonym. While recognizing that "[s]exual assault can have lasting, damaging consequences on a person's emotional or mental health," the court stated the relevant question was whether disclosure of the plaintiff's name in the course of the lawsuit would "uniquely" cause harm and "how grave the resultant harm would prove to be" and concluded that the plaintiff's prior actions "undercut his position on the rather unusual facts of

this case." *Id.* at 528–29. In that case, the plaintiff had spoken to an unknown number of people about his "relationship" with Spacey without obtaining assurances that they would keep the information confidential. *Id.* at 529. The court further noted that declarations submitted on behalf of the plaintiff by a licensed clinical social worker and by a forensic psychiatrist did not give any "sense of the severity" of the harm caused by public disclosure, and that the fact that the plaintiff was an adult when he filed the complaint—although not at the time of the alleged sexual abuse—weighed against anonymity. *Id.* at 530. The court concluded that defendant had shown that he would be prejudiced if the plaintiff were permitted to proceed under a pseudonym; persons with information about the plaintiff or his allegations that would be helpful to the defense but were unknown to the defendant might not come forward, the defendant had suffered significant reputational damage that would be harder to mitigate if the plaintiff were permitted to remain anonymous, and fairness suggested that the plaintiff who was seeking substantial damages stand behind his charges publicly. *Id.* at 531–32. Factors five, eight, and nine, which related to the public's interest in knowing the plaintiff's identity, also weighed against anonymity. The plaintiff was bringing claims against a private party, the allegations were decidedly factual in nature, and the public had an interest in the plaintiff's identity especially because allegations were made against a public figure. *Id.* at 532. While "the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." *Id.* at 533. Finally, the court held that less drastic remedies such as a protective order could protect particularly sensitive information. *Id.*

In *Doe v. Leonelli*, 2022 WL 2003635 (S.D.N.Y. June 6, 2022), the court considered the request of a married Roman-Catholic couple suing their former priest and parish community for sexual abuse that the wife suffered at the hands of the priest when she was a parishioner that they be able to proceed anonymously. The court denied the request. It reiterated that "an allegation of sexual assault alone is 'not sufficient to entitle a plaintiff to proceed under a pseudonym.'" *Id.* at *2 (quoting *Rapp*, 537 F Supp. 3d at 528). The claim that the plaintiffs feared retaliatory physical or mental harm was undercut by the fact that the plaintiffs had reported the abuse to the Catholic authorities without obtaining any promises of confidentiality for those communications and by the absence of any "direct evidence linking disclosure of [plaintiffs'] name to a specific physical or mental injury." *Id.* at *3 (internal quotation marks omitted) (quoting *Doe v. Hochul*, 2022 WL 836990, at *7 (E.D.N.Y. Mar. 12, 2022)). No other potential harms were alleged, and the plaintiffs were adults who were suing for abuse that did not occur when the wife was a child. *Id.* The court similarly concluded that the plaintiffs' privacy interests as a sexual assault survivor did not outweigh "the public's significant interest in open judicial proceedings" that the defendants would be prejudiced by the plaintiff proceeding anonymously, and that alternative mechanisms existed to protect anonymity. *Id.* at *4–5.

In *Doe v. Freydin*, 2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021), the plaintiff sued her former employer for sexual assault and sexual harassment. While the first *Sealed Plaintiff* factor favored her claim for anonymity and the plaintiff had kept her identity confidential, the other factors cut against it. The plaintiff did not "establish with sufficient specificity the incremental injury that would result from disclosure of her identity," in the face of evidence that the defendants already knew who she was, *id.* at *2, the plaintiff had gratuitously exposed identifying information about non-parties, such as the defendants' ten-year-old son, in the

complaint "inflict[ing] upon others the precise harm she now seeks to avoid," *id.* at *3. Additionally, the defendants would suffer prejudice from the difficulties in conducting discovery and the reputational challenge of defending such allegations publicly while a plaintiff was permitted to proceed anonymously, and there were alternate means of protecting the plaintiff's privacy interests. *Id.* at *3–4. The Court went so far as to state that "[w]hen the allegations involve workplace harassment, courts more commonly find that the public interest counsels against anonymity." *Id.* at *4 (internal quotation marks omitted) (quoting *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *3 (S.D.N.Y. July 10, 2019)).

*Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019), involved claims similar to those asserted here. The plaintiff brought claims of sexual harassment, sexual abuse, and discrimination after she was drugged and brutally raped while unconscious by a coworker, who thereafter forced her to endure sexual harassment by way of vulgar propositions and offensive comments. *Id.* at 404. The plaintiff then was fired in retaliation for her complaints about sexual as well as racial discrimination. *Id.* The court credited that the plaintiff's allegations were "highly sensitive and of an extremely personal nature," but it denied the plaintiff's request that she proceed pseudonymously because her allegations of physical or mental harms were speculative and conclusory, she provided no evidence that her age made her particularly vulnerable to the harms of disclosure, the defendant had a substantial interest in maintaining its good name and reputation—particularly in light of the allegations in the plaintiff's complaint, defendants would be prejudiced in the litigation, the case was factual in nature, and the public interest in sexual assault and discrimination was very high. *Id.* at 406–08. The court also noted there were alternative means for protecting confidentiality. *Id.* at 408; *see also Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019) (denying

request to proceed anonymously of plaintiff who was victim of unwanted sexually motivated physical contact from her employer and whose identity was not public knowledge); *Doe v. Townes*, 2020 WL 2395159, at *1 (S.D.N.Y. May 12, 2020) (denying motion for anonymity where plaintiff alleged her employer sexually assaulted her); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (denying motion to proceed anonymously where plaintiff alleged sexual assault).  *But see Doe v. Gooding*, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) (permitting plaintiff to proceed anonymously during pretrial stages).

By contrast, in *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999), upon which Plaintiffs here rely, the court reconsidered its original order denying anonymity only after it was presented with "specific evidence [from a medical expert] predicting that revelation of [plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life" and where "plaintiff's doctor ha[d] predicted that she w[ould] be unable to pursue this action should she not be permitted to proceed anonymously." *Id.* at 43–44.

Following that case law and applying the *Sealed Plaintiff* factors, Plaintiffs here have not satisfied their burden to rebut the presumption that they must identify themselves by name and to show that this is the exceptional case where they can proceed by pseudonym.  *Pilcher*, 950 F.3d at 45.  The first *Sealed Plaintiff* factor favors Plaintiffs here.  The complaint involves allegations of the most intimate, sensitive, and personal nature.  On the other hand, the allegation of harms—factors two and three—"consist exclusively of conclusory statements and speculation." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406.  Plaintiffs have not established with any specificity "the incremental injury that would result from disclosure of [their] identities," *Freydin*, 2021 WL 4991731, at *2, or provided "direct evidence linking disclosure of [their] name[s] to a specific

physical or mental injury," *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2. Plaintiffs are adults and were adults at the time of the alleged violations; the fourth factor disfavors their application. And because the action is challenging the actions of private parties, the fifth factor disfavors their application as well.

Although "courts have found that defending against such allegations publicly, while a plaintiff is permitted to make her 'accusations from behind a cloak of anonymity,' is prejudicial," *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)), Defendants have not opposed the motion to proceed anonymously, and accordingly, the Court cannot conclude that they will be prejudiced. The sixth factor thus does not disfavor Plaintiffs.

On the other hand, factor seven disfavors Plaintiffs. Plaintiffs assert that they have taken steps to keep their identities confidential and have not spoken publicly about the incidents that underlie the causes of action. Dkt. No. 10 at 10. This factor, however, focuses not only on whether Plaintiffs have made public announcements regarding their identities and their allegations but on whether the information upon which they base their allegations is confidential. Plaintiffs allege that they disclose their allegations to others including the Vice President of Human Resources and the CEO's Executive Assistant and that "[m]ultiple supervisors knew or should have known that the CEO was sexually harassing Doe 1 and/or Doe 2." Dkt. No. 1 ¶¶ 123–124. Any of those persons could identify for the public that the names of Doe 1 and Doe 2.

Plaintiffs' complaints are leveled against a family-owned Italian producer of spirits, its United States subsidiary, and the "scion" of the company's "Italian patriarch," Dkt. No. 1 ¶¶ 3–4, and they involve allegations against a CEO who was one of the jurors in the Harvey Weinstein

trial, *id.* ¶ 3, all of which are relevant to factors eight and nine, which consider the public interest in the litigation. Finally, the case is not of a purely legal nature and mechanisms exist, including protective orders, to protect against disclosure of that information of the most personal and intimate nature.

For these reasons—including the fact that Plaintiffs have presented no evidence of specific and concrete harm, such as in the form of opinions from mental health professionals, as in *Smith*, 105 F. Supp. 2d at 43–44, that would result from the disclosure of their identities—Plaintiffs have not demonstrated that their case is the exceptional one which should be allowed to proceed pseudonymously.

**CONCLUSION**

The motion to proceed anonymously is DENIED. Given the sensitivity of the allegations at issue, the Court stays the effect of this Order for seven days for plaintiffs and their counsel to consider this ruling. *See Freydin*, 2021 WL 4991731, at *4. The Clerk of Court is respectfully directed to close Dkt. No. 9.

SO ORDERED.

Dated: July 13, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge